CAMPBELL, Chief Judge.
This pro se appellant challenges the final HRS administrative order that allowed ap-pellee HRS to intercept $1,029.62 of his federal income tax refund to cover his past due child support payments. We find that the final HRS order on appeal improperly allowed HRS to recalculate the amount of arrearages owed since a previous final HRS administrative order had already made that determination. We reverse.
The child whose support is the subject of these proceedings was born in 1981. In 1983, the child’s mother assigned any rights she might have to child support to *810 HRS. In September of 1985, the circuit court found appellant to be the legal father of the child and ordered him to pay $178.00 per month in child support, beginning October 1, 1985. Two years later, on September 14, 1987, the circuit court ordered appellant to pay an additional $15.00 per month toward the arrears of $1,560.40 existing as of June 30, 1987. The court also ordered appellant to pay a $5.00 monthly clerk’s fee, for a total monthly payment, beginning October 1, 1987, of $198.00. In addition, the court entered an income deduction order to deduct appellant’s child support payments from his earnings.
On April 13, 1988, an HRS hearing officer entered a recommended order recommending that HRS intercept $1,020.40 of appellant's 1987 federal income tax refund to apply toward past due child support payments. The recommended order contained a finding that HRS and appellant had agreed that the arrearage owed as of March 22, 1988, was $1,020.40. On June 15, 1988, HRS entered a final order adopting the findings and recommendations of the April 13, 1988 recommended order and approving a federal income tax refund intercept of $1,020.40.
On October 10, 1988, the child’s mother was found unfit, and appellant was given custody of the child.
Approximately six months after the June 15, 1988 final HRS order was entered approving the $1,020.40 federal income tax refund intercept, HRS sent appellant a letter dated January 6, 1989, stating that he now owed $1,029.62. The letter explained that, -as of March 22, 1988, the correct arrearage amount was actually $2,084.97, not $1,020.40, as the June 15, 1988 final order had found. The letter further explained that the $1,020.40 figure represented prior arrears and that “current arrears” were not addressed at that hearing because they were incurred after the case was certified as eligible for IRS intercept in August 1987. In addition, HRS had mistakenly returned $1,020.40 of the intercept to appellant and retained $365.60.
Almost four months later, on March 22, 1989, an HRS hearing officer entered a second recommended order recommending that HRS enter a final order finding that appellant owed HRS $146.55, not $1,029.62. The hearing officer reasoned that the June 15, 1988 order, adopting the findings contained in the April 13, 1988 recommended order, found that the parties had agreed that appellant owed $1,020.40 as of March 22, 1988, and that there was no reason to disregard that finding. The hearing officer further found that even though the $1,020.40 amount could not be reconciled with the clerk’s records, HRS was “stuck” with the figure it agreed to in April of 1988. The hearing officer recommended that HRS approve a federal income tax refund intercept of $146.55.
On March 29, 1989, HRS filed exceptions to the March 22, 1989 recommended order. HRS argued that the recommended order would create a conflict between the September 14,1987 circuit court order that had set the amount of child support and the recommended administrative order that found the amount due to be less than that required by the circuit court order as shown by the clerk’s records. HRS argued that the judicial, not the administrative, order should control.
On April 14, 1989, HRS entered a final order approving a federal income tax refund intercept of $1,029.62, finding that an administrative determination of arrearages should be corrected whether the amount is overstated or understated. Appellant appealed. HRS has not filed a brief.
The question here is whether the June 15, 1988 order, adopting the $1,020.40 figure agreed to by HRS, became final and precluded HRS from modifying it ten months later. We find that it did.
While administrative agencies do have inherent power to reconsider final orders that are still under their control, we find that the June 15, 1988 order here passed out of HRS’ control, became final and was no longer subject to modification. See Peoples Gas System, Inc. v. Mason, 187 So.2d 335, 338 (Fla.1966).
The June 14, 1988 order contains the following notation at the bottom:
*811 A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW WHICH SHALL BE INSTITUTED BY FILING ONE COPY OF A NOTICE OF APPEAL WITH THE AGENCY CLERK OF HRS, AND A SECOND COPY, ALONG WITH FILING FEE AS PRESCRIBED BY LAW, WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE AGENCY MAINTAINS ITS HEADQUARTERS OR WHERE A PARTY RESIDES. REVIEW PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THE FLORIDA APPELLATE RULES. THE NOTICE OF APPEAL MUST BE FILED WITHIN 30 DAYS OF RENDITION OF THE ORDER TO BE REVIEWED.
The record contains no indication that HRS objected to or appealed this order. Indeed, it took no action until six months later when it sent a letter to appellant explaining that the actual March 22, 1988 arrearage was $2,084.97, not $1,020.40.
Neither was this order entered based on any change in circumstances or any demonstrated public need or interest. See Peoples Gas, 187 So.2d at 339.
Since HRS did not object to or appeal the June 14, 1988 HRS order, and no change in circumstances or demonstrated public need or interest was argued in support of modification of that order, we conclude that the June 14, 1988 final HRS order passed out of HRS’ control and was no longer subject to modification. Accordingly, we vacate the April 14, 1989 final HRS order and remand to HRS, with instructions to compute arrearages owed using the $1,020.40 amount agreed by the parties to be owing as of March 22, 1988 as the starting point.
Reversed and remanded.
SCHOONOVER and THREADGILL, JJ., concur.